IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DELMONTE ANTWANE PITTS                                              PETITIONER

v.                     Case No. 2:19-cv-00034 BSM-JTK

ANTHONY HAYNES, *Warden*,
FCI FORREST CITY                                                    RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Delmonte Pitts, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. No. 1). Respondent has filed his Response (Doc. No. 3), and Petitioner has replied (Doc. No. 6). He has also filed a Motion for Order, along with a supporting brief (Doc. Nos. 10 and 11). For the reasons that follow, the petition should be dismissed in its entirety, and the motion should be denied as moot.

I.

Petitioner is serving a 180 (15 years) month sentence after pleading guilty to being a felon in possession of a firearm, with an Armed Career Criminal Act enhancement penalty of not less than fifteen (15) years, in the United States District Court for the Western District of Oklahoma. (Doc. No. 3-1) Petitioner did not appeal his conviction.

On October 26, 2016, Petitioner filed in the Oklahoma district court a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his sentence enhancement based on *Johnson v. United States,* 135 S. Ct. 2551 (2015). The district court dismissed the motion as time-barred. (Doc. Nos. 3-2 and 3-3). Petitioner filed a motion for reconsideration, which was denied by order dated May 31, 2017. (Doc. No. 3-4) Petitioner did not appeal.

On August 17, 2017, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the Western District of Oklahoma. He claimed that his prior state convictions no longer qualified as a predicate offense for the Armed Career Criminal Act sentence enhancement based on *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United State*, 136 S. Ct. 2243 (2016). The District Judge adopted a Magistrate Judge's recommendation that the petition be denied since Petitioner had not shown that his claims could not have been filed in his earlier section 2255 motion and because the Tenth Circuit Court of Appeals previously held that *Descamps* and *Mathis* do not apply retroactively to cases on collateral review. (Doc. Nos. 3-5, 3-6, and 3-7) Petitioner did not appeal this

3

decision.

## II.

Petitioner now brings a second § 2241 petition, asserting a myriad of *pro se* claims. Respondent asserts that the petition is vague and confusing and should be dismissed for failure to state a cognizable claim upon which the Court could grant relief. He argues further that Petitioner has failed to demonstrate that his claims could not have been raised in his section 2255 and section 2241 petitions in the sentencing court.

While Petitioner is incarcerated in this judicial district, this is not the district where his convictions and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C.§ 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a section 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986). In contrast, a section 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which that sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. A section 2241 petition for habeas relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [section 2255] motion, to the court which

4

sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [section 2255] is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 ¶ 5.

In this case, Petitioner's section 2255 motion was denied as untimely, and his subsequent attempt at obtaining relief from the sentencing court has been rejected. Because the sentencing court has already "denied him relief," this Court cannot entertain Petitioner's § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause. The Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Adullah*, 392 F.3d at 959. The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Id.* Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because Petitioner has been denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time barred. *Id.*

Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Oklahoma federal court. Such a challenge is appropriate under § 2255, and as previously noted, Petitioner has sought such review numerous times in the Oklahoma district court. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because

petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

### III.

Petitioner has not demonstrated that the § 2255 remedy is an ineffective or inadequate avenue to test the legality of his convictions and sentence. *See Hill*, 349 F.3d 1092-93. He is not entitled to proceed under § 2241 because he did not or could not raise the current claims in his direct appeal or his § 2255 proceedings, because his § 2255 motion was denied as untimely and his request for reconsideration was unsuccessful, because his § 2241 petition in the Oklahoma court was unsuccessful, or because he believes any further attempts at obtaining relief from the Oklahoma district court or the Tenth Circuit would be futile. This Court, therefore, lacks subject matter jurisdiction to consider Petitioner's § 2241 habeas claims challenging his conviction. *Abdullah*, 392 F.3d at 964.

For the foregoing reasons, the undersigned finds that habeas corpus relief pursuant to § 2241 is not available to Petitioner. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. No. 1) should be denied, dismissing this action this action in its entirety. All pending motions should be denied as moot.

SO ORDERED this 27 th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE